## Campbell v. Thompson.

(Decided May 5, 1914.)

### Appeal from Nelson Circuit Court.

Boundaries—Courses and Distances Must Yield to Natural Objects—Evidence.—Where a boundary line is to be determined between two land owners, courses and distances must yield to natural objects, and this is especially true when a line controlled by such fixed objects was agreed to and acquiesced in by the parties and their predecessors in title for a period of thirty years.

ROSCOE VANOVER for appellant.

STRATTON & STEPHENSON for appellee.

Vol. 158—23.

Opinion of the Court by Judge Nunn—Affirming.

This is a controversy between Thompson and Campbell involving a boundary line. Since 1845 at least, the land adjacent to this boundary line has belonged to, and been in the possession of Thompson on the one side and Campbell on the other, and their respective forbears. Thompson's chain of title goes back to the Seminary patent issued in 1825, while Campbell's goes back to the Cecil patent in 1845. There is not much difference in the calls of the two patents, and there is still less difference in the amount of land in controversy, or rather the value of it. Only one witness attempts to estimate the quantity, and he fixes it at from one-half to one acre, and no witness ventures an estimate on its value, for it must be inconsiderable. Variation of the magnetic needle accounts for some of the difference, and ignorance of the old owners as to the exact location of the line accounts for the balance.

The location of a poplar tree and haw bush called for in both patents is undisputed. The next call is a white oak, and its location while not agreed to by the parties here, is established by the proof, and the subsequent title papers of both parties fix it with almost absolute certainty. To follow the compass calls, however, this white oak is out of line some hundred feet. There is less certainty as to the location of the third and final corner involved in the dispute. It is further shown that the line, as governed by these fixed objects, has been recognized as the true one for at least thirty years, and that all the parties and their predecessors in title have acquiesced in it for all these years. The testimony shows that about thirty years ago, the then owners, not being certain as to the location of the line, had a surveyor to run it, and these corners were located, and a partnership fence was then built along most of it. This fence has been maintained by the adjacent owners without any real interruption from that time until this.

The appellant, Thursa Campbell, acquired title from her husband by deed in 1906. The calls in this deed plainly recognize the fixed objects above referred to, and the agreed boundary line established by them. A short time before 1910 the appellant had a surveyor to run the old patent calls, and discovering a discrepancy between them and the agreed line, her husband then made her another deed, and the boundary is set up in it

to conform to the patent calls. This is the first evidence in the case, and there is little else in it to indicate that she or her predecessors ever claimed other than the agreed boundary line.

It is too plain for argument or citation of authority that compass courses must yield to fixed objects, and this is especially true when a line controlled by fixed objects was agreed to, and has been acquiesced in for so many years. The lower court properly took this view of it, and entered a judgment fixing the old agreed line as controlled by the fixed objects as the real line between the parties. But appellant claims that the judgment rendered by the court gave appellee more land than he claimed in his petition. A reference to the disputed line, as set up in the petition, shows that it is fixed in the judgment of the lower court by identical description, so it appears that this objection of appellant is not well taken.

The judgment of the lower court is therefore affirmed.